UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HANIF GIBBS,

                    Plaintiff,                              **SECOND AMENDED**
                                                                                      **COMPLAINT**

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE        No. 09CV2866 (MJP)
DEPARTMENT, LT McHUGH, DETECTIVES JAY WOLSKY,        (KAM)
ANTHON BRAMBLE, MICHAEL BYRNES, WILLIAM
WINNING, DAVID RAS and POLICE OFFICERS CARR,
BRUNETTI AND LUKOWSKY and "JOHN DOE" #1 through
5, is meant to be police officers employed by the New York City
Police Department, whose names and badge numbers are
unknown in their individual capacities,

                    Defendants.
------------------------------------------------------------------------x

      Plaintiffs, through their attorneys, **MUSTAPHA NDANUSA, ESQ.**, as and for his complaint against the defendants herein allege:

### NATURE OF THE ACTION

      1.      Plaintiff is a resident of the Borough of Brooklyn, County of Kings, City and State of New York.

      2.      At all times hereinafter mentioned, defendant, **CITY OF NEW YORK** (hereinafter "**CITY**"), was and still is a municipal corporation existing under and by virtue of the laws of the State of New York.

      3.      At all times hereinafter mentioned, defendant **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") is a political subdivision of the defendant **CITY**.

      4.      At all times hereinafter mentioned, defendant, **CITY**, employed persons as police

officers and said persons were so employed as police officers by and through the defendant **NYPD**.

5. Defendants **CITY** and **NYPD** were responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

6. At all times hereinafter mentioned, defendants Police Officers, and their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of defendant NYPD, whose acts may fairly be said to represent official policy or governmental custom of the defendants **NEW YORK CITY POLICE DEPARTMENT** and the **CITY OF NEW YORK**.

7. On or about the 12th day of February 2009, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimants, was served upon the defendants by personal delivery of the notice in duplicate, to the clerk designated by defendants to accept service.

8. The notice of claim set forth the name and post office address of the claimants, and of the claimants' attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

9. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

10. This action was commenced within one year and ninety days after the happening of the event upon which the claim is based.

12. Specifically, Plaintiff allege that, while plaintiff was at work at his place of employment, defendants, without the benefit of warrant or other legal process, entered plaintiff's work place with guns drawn, assaulted plaintiff, caused plaintiff's false arrest, unlawful detention, and malicious prosecution and violation of civil rights.

13. This action is brought for damages to remedy the violations of plaintiff's Constitutional Rights under the United States Constitution, under color of state law, specifically the 4th, 5th, 8th, and 14th Amendments.

14. Declaratory relief, damages and other legal and equitable relief are sought pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

15. This is a Civil Rights Action seeking damages for the defendants' violations of plaintiff's rights, privileges, and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871, 42 U.S.C. §§1983 and 1988, Article 1 Section 12 of the New York Constitution, and New York State Common Law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), and 1367(a). As the unlawful acts complained of herein occurred in the Borough of Brooklyn, County of Kings, City and State of New York which is within the Eastern District of New York, venue is properly within this District pursuant to 28 U.S.C. §§1391 (b) and (c).

16. Jurisdiction of this Court is proper under 42 U.S.C. § 1983.

17. Plaintiff has fully complied with the administrative prerequisites to the filing of this action under state law. On February 12, 2009, Plaintiffs filed a notice of claim with the defendants. A statutory 50-h hearing has not been held and the defendants have waived it with

regard to the claims of this action. Further, Defendants have refused to adjust or settle this action.

# FACTS

18. On May 4, 2008 a Christopher Torres was shot at or near Park Place and Utica Avenue by an unknown person in Brooklyn, New York.

19. Thereafter, defendant police officers began investigating the facts underlying the May 4, 2008 incident by interviewing the complaining witness, interviewing various witnesses in the area, viewing various video surveillance tapes of merchant stores in the area, and processing the vehicle in which the complaining witness was allegedly shot for ballistics evidence.

20. Despite several red flags, which include discrepancies in the complaining witness's accounts of what happened on May 4, 2008, the complaining witness's inability to describe the alleged perpetrator on the date of the incident, the lack of ballistics or blood evidence being found in the complaining witnesses vehicle, coupled with the complaining witness's own refusal to cooperate with the investigation, on or about July 8, 2008, at approximately 3:00 p.m. Plaintiff was arrested at his place of employment - where he worked as an Assistant Manager at Dunkin Donuts located at 4901 Beach Channel Drive, Far Rockaway, New York 11692.

21. That at said place and time defendants by its police officers, acting as agents and servants of the defendants City and NYPD, and within the scope of their employment and without just cause or provocation rushed into the men's room thereat while plaintiff was changing clothes to begin his work shift.

22. That at said place and time defendants' Police Officers entered the men's room at plaintiff's place of employment guns drawn.

23. That at said place and time the plaintiff, with guns pointed at him, was handcuffed and searched.

24. Thereafter, plaintiff was taken to the 77th police precinct where he was placed in an interrogation room and questioned by defendant Det. Jay Wolsky who showed plaintiff a wanted poster on the wall of someone wanted for robbery.

25. Plaintiff denied that he was the person pictured on the poster and was detained for a lineup. Plaintiff was placed in a room sitting with other individuals. Plaintiff was asked to stand longer than the other individuals and was asked to stand up more times than the others.

26. Plaintiff was then transported by van to Central Booking where he remained for a day and a half before he appeared before a judge.

27. Plaintiff was arraigned and learned that he was being charged with various felonies, to wit: attempted murder, robbery in the first degree, robbery in the second degree, robbery in the third degree, assault in the first degree, assault in the second degree and assault in the third degree.

28. Thereafter, plaintiff was denied bail and remanded to Rikers Island to await trial.

29. Plaintiff took a polygraph test on December 3, 2008 which is passed and appeared in court on December 4, 2008 and was then arraigned and release. All charges were dismissed.

30. On December 4, 2008, Plaintiff appeared in court whereupon he was released and the record sealed.

31. As a direct and proximate result of defendants' actions, plaintiff has suffered and continues to suffer damages and injuries, which are continuous and ongoing.

32. The false criminal arrest of the plaintiff and plaintiff's wrongful imprisonment and malicious prosecution because of defendants' knowledge of a lack of any legitimate cause or

justification, were intentional, malicious, reckless and in bad faith.

33. That Plaintiff's arrest, given the obvious and glaring discrepancies that presented themselves during the investigation, was the result of defendants' failure to exerciser reasonable and proper discretion.

34. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, injury to his reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

35. All actions by defendant CITY, defendant NYPD, and defendant NYPD OFFICERS were done under the color of state law.

36. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

37. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.

38. The actions of defendants, acting under color or State law, deprived the plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and to due process.

39. By these actions, defendants have deprived the plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

40. The NYPD officers involved in this incident did not have probable cause to enter plaintiff's work place.

41. The NYPD officers involved in this incident did not have a warrant to authorize the arrest of the plaintiff.

42. Upon information and belief, NYPD policies and procedures in effect at the time of this incident required that when a gun is drawn and aimed at a person that a report be written.

43. Upon information and belief, NYPD policies and procedures in effect at time of this incident required that when officers handcuff suspects, they were required to file a report.

44. Upon information and belief, NYPD policies and procedures in effect at time of this incident required that when officers arrest suspects, they were required to file a report.

45. Upon information and belief no reports have been filed.

46. Defendant officers and the NYPD have engaged in a cover up of this illegal search and seizure.

47. Plaintiff has been severely traumatized by this incident.

48. Plaintiff has suffered damage and injury, which is continuous and ongoing.

49. All actions by defendant NYPD Officers, defendant NYPD, and defendant CITY were done under the color of state law.

## AS AND FOR A FIRST CAUSE OF ACTION

50. Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

51. By detaining and imprisoning the plaintiff, without probable cause or reasonable suspicion, defendants deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

52. In addition, the defendant officers conspired among themselves to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy as set forth above.

53. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

54. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages herein before stated.

**AS AND FOR A SECOND CAUSE OF ACTION**

55. Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

56. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD

Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

57.     Defendants, their officers, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of **Respondeat Superior**.

58.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CAUSE OF ACTION

59.     Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

60.     In physically assaulting, handcuffing, threatening, intimidating the plaintiff the Defendant Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon the plaintiff.

61.     The assault and arrest by the Defendant Officers were unnecessary and unwarranted in the performance of their duties as NYPD Officers and constituted unreasonable and excessive use of force.

62.     Defendants, their agents, officers, servants, and employees were responsible for plaintiff's assault and illegal arrest, and battery. Defendant City of New York, as employer of

each of the Officers Defendants, is responsible for their wrongdoing under the Doctrine of **Respondeat Superior**.

63. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A FOURTH CAUSE OF ACTION

64. Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

65. The Defendants Officers caused the plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

66. The wrongful arrest, imprisonment and prosecution of the Plaintiff were carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

67. At all relevant times, the Defendants acted forcibly in apprehending, detaining and imprisoning the Plaintiffs.

68. During this period, the P1aintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

69. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

70. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

71. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York and The New York City Police Department, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **Respondeat Superior**.

72. The Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

73. As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A FIFTH CAUSE OF ACTION

74. Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

75. The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiff.

76. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which was inflicted through deliberate and malicious detention, prosecution, and imprisonment by the Defendants.

77. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants. Defendant City of New York as employer of the Officers and Defendants is responsible for their wrongdoing under the doctrine of **Respondeat Superior**.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A SIXTH CAUSE OF ACTION

79. Plaintiff re-alleges each of the proceeding paragraphs as though fully set forth in each of the subsequent causes of action.

80. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by the plaintiff.

81. Upon information and belief, defendant City through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person shou1d have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

82. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant Officers were potentially dangerous.

83. Upon information and belief, defendant City of New York's negligence in hiring and retaining the Defendant Officers proximately caused Plaintiff's injuries.

84. Upon information and belief, because of the Defendant City of New York's negligent hiring and retention of the aforementioned Defendants Officers, Plaintiff incurred significant and lasting physical and mental injury.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully request judgment against the Defendants as follows:

A. On the First Cause of Action against the Defendants officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

B. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial and punitive damages against the Defendants Officers in an amount to be determined at trial;

C. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

D. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

E. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

F. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

G. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
March 4, 2010

Yours, etc.,

**MUSTAPHA NDANUSA**

    /S/
**Mustapha Ndanusa (MN-0687)**
Attorney for Plaintiff
26 Court Street, Suite 603
New York, New York 11242
(718) 825-7719
mndanusa@gmail.com